UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT DIAGNOSTICS, LP.,<br><br>Plaintiff,<br><br>v.<br><br>ALERE, INC., ALERE TOXICOLOGY SERVICES, INC., AMEDICA BIOTECH, INC., AMEDITECH INC., INNOVACON, INC., INSTANT TECHNOLOGIES, INC., U.S. DIAGNOSTICS, INC., INSTANT TECH SUBSIDIARY ACQUISITION INC. dba U.S. DIAGNOSTICS, BRANAN MEDICAL CORPORATION, and DOES 1–10,<br><br>Defendants. | Case No.: 3:16-cv-0698-CAB-(NLS)<br><br>**ORDER ON MOTION TO LIFT STAY**<br>**[Doc. No. 101]** |

Before the Court is Plaintiff Rembrandt Diagnostics, LP's motion to lift the stay of this litigation [Doc. No. 101] issued by the Court on October 19, 2016 [Doc. No. 86]. Defendant Innovacon, Inc. filed a response. [Doc No. 102.] The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). The motion to lift the stay is granted in so far as the Court

requires Plaintiff show cause that this case should not be dismissed for lack of diversity jurisdiction.

## I.     Background

This case originated as a patent infringement case.  Plaintiff Rembrandt alleged that various defendants, including Innovacon, infringed U.S. Patent Nos. 6,548,019 and 8,623,291.  [Doc. No. 1.]  Defendants answered on May 13, 2016 and asserted an affirmative defense of license.  [Doc. No. 25.]

On August 4, 2016, Defendants notified the court they had filed a petition for Inter Partes Review of the two asserted patents with the Patent Office and requested a stay. [Doc. No. 35.]  On August 5, 2016, Rembrandt filed an amended complaint alleging patent infringement of the '019 and '291, and in the alternative breach of contract and breach of the covenant of good faith and fair dealing regarding products subject to a license agreement between Rembrandt's predecessor and Innovacon's predecessor, which included a license to practice the '019 patent.  [Doc. No. 41.]  On September 1, 2016, Defendants moved to dismiss for lack of subject matter jurisdiction on the basis that the alleged license to Innovacon demonstrated that Rembrandt did not obtain sufficient rights to the patents to have jurisdiction to allege infringement.  [Doc. No. 58.]

On October 19, 2016, the Court granted in part and denied in part the motion to dismiss.  [Doc. No. 85.]  Rembrandt's claim for infringement of the '019 patent was dismissed for lack of standing.  The motion with regard to the '291 patent was denied and Rembrandt was given leave to amend regarding its breach of contract claims.  The Court also granted a temporary stay, with the exception of the amendment of the pleadings, awaiting the Patent Office's decision to institute IPR.  [Doc No. 86.]

Rembrandt filed a Second Amended Complaint ("SAC") on October 31, 2016, alleging breach of contract and breach of the covenant against Innovacon, and infringement of the '291 patent against all defendants.  [Doc. No. 90.]  On February 17, 2017, the parties informed the Court that the Patent Office instituted IPR on all asserted claims of the '291 patent and claims 1-5, 9, 11-16 of the '019 patent (leaving 2 dependent claim not subject

to review). [Doc. Nos. 98, 99.] Rembrandt indicated its intention to dismiss the claims of infringement of the '291 patent and proceed only on the contract claims and therefore requested the temporary stay be lifted. [Doc. No. 99.] On March 16, 2017, the Court entered the joint request to dismiss the claims of infringement of the '291 patent with prejudice. [Doc. No. 104.]

This case now presents as a breach of contract and breach of the covenant case between Rembrandt, as the successor licensor, and Innovacon, as the successor licensee, to the license agreement attached as Exhibit 6, to the SAC. [Doc. No. 94 (sealed).]

## II.   SAC Does Not Properly Allege Diversity of the Parties

The SAC alleges diversity jurisdiction under 28 U.S.C. §1332, as the basis of this Court's subject matter jurisdiction over the alleged contract claims. [Doc. No. 90 at ¶1.] In light of Plaintiff's dismissal of the federal question allegations, it has come to the Court's attention that Rembrandt has not properly alleged diversity of the parties for purposes of subject matter jurisdiction. "Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Plaintiff Rembrandt alleges that Innovacon is a California corporation with its principle place of business in California. [Id., at ¶8.] Plaintiff also alleges it is a limited partnership under the laws of Virginia with its principle place of business in Pennsylvania. [Id., at ¶3.] Plaintiff therefore concludes that they are citizens of different states and jurisdiction is proper under 28 U.S.C. §1332.

Limited partnerships, however, for purposes of diversity jurisdiction are treated as citizens of every jurisdiction in which their partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The SAC fails to identify the citizenship of all the limited partners of Rembrandt making it impossible for the Court to determine whether there is complete diversity among the parties. *See Lindley Contours, LLC, v. AABB Fitness Holdings, Inc.*,

414 Fed. Appx. 62, 64 (9th Cir. 2011) (the citizenship of each individual member must be identified).

Plaintiff is hereby **ORDERED TO SHOW CAUSE** on or before **April 7, 2017**, why this matter should not be dismissed for lack of subject matter jurisdiction. Specifically, Plaintiff's response to this Order requires evidence, via a declaration or otherwise, that all the partners of the limited partnership are diverse in citizenship from Defendant Innovacon. Failure to timely provide such evidence will result in dismissal for lack of subject matter jurisdiction.

It is **SO ORDERED**.

Dated:  March 28, 2017

Hon. Cathy Ann Bencivengo
United States District Judge