UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT DIAGNOSTICS, LP,<br><br>Plaintiff,<br><br>v.<br><br>INNOVACON, INC.,<br><br>Defendant. | Case No.: 16-cv-0698 CAB (NLS)<br><br>**ORDER ON DISCOVERY DISPUTE NO. 2**<br><br>**[ECF No. 172]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2 ("Joint Motion"). ECF Nos. 172, 174 [sealed], 179 [redacted], 183 [supplement], 185 [supplement sealed]. The Joint Motion presents four issues: (1) Plaintiff's motion to compel designation and deposition pursuant to a 30(b)(6) notice; (2) the apex deposition of Mr. Malkani and Defendant's motion for a protective order related thereto; (3) Plaintiff's motion to compel production and further responses to four distinct requests for production (Nos. 107-110); and (4) Plaintiff's motion to compel responses to two outstanding interrogatories (Nos. 20-21). ECF No. 172. The parties also requested the Court hold oral argument. *Id.* The Court finds the Joint Motion suitable for determination on the papers without oral argument. CivLR 7.1(d).

As set forth below, the Court will (1) **GRANT IN PART AND DENY IN PART** Plaintiff's motion to compel designation and depositions pursuant to the 30(b)(6) notice;

1  (2) **GRANT** a protective order precluding the deposition of Mr. Malkani at this time; (3)
2  **DENY** Plaintiff's motion to compel further production in response to requests for
3  production, with special instruction to the Defendant's offered deponent, Mr. Steven
4  Leisenring, regarding the scope and preparation required for deposition; and (4) **DENY**
5  the Plaintiff's motion to compel responses to interrogatories as untimely for failure to
6  comply with the Chambers' Rules regarding Discovery Disputes.

I.   BACKGROUND

The Court and the parties are familiar with the facts of the case, and thus, only the relevant facts are briefly outlined here. In 2004, the parties' predecessors entered into the 2004 Patent License Agreement, ████████████████████████████████████████████████. ECF No. 179 at 4-5. This litigation centers around the alleged failure to pay royalties under that agreement. *See* ECF No. 90.

The parties have been engaged in discovery and are in the process of completing depositions in advance of the deposition cut off, set for February 5, 2018. ECF No. 121. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Plaintiff seeks to depose Mr. Malkani as a corporate representative regarding the scope of his knowledge, in addition to other designated corporate representatives. Plaintiff also requests the Court to compel production of additional documents related to sales and further responses to interrogatories.

II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information

need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* Both discovery and Rule 26 are intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.*

## III. DISCOVERY DISPUTE

### A. 30(b)(6) Depositions

Plaintiff argues it noticed the deposition of Innovacon's corporate representative(s) for December 19, 2017, pursuant to Federal Rule of Civil Procedure 30(b)(6).[1] ECF No. 172 at 8. Plaintiff submits that Defendant failed to respond to the notice or provide a witness for deposition on December 19, 2017. *Id.* According to Plaintiff, on January 10, 2018, Defendant responded to the notice informing Plaintiff that it would designate three

---

[1] Rule 30(b)(6) states, "*Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6).

3

witnesses and provide objections and responses to the notice. *Id.* Plaintiff argues that Defendant's failure to timely respond to the notice in advance of the December 19 deposition date constitutes waiver of objections and requests the Court compel the production of witnesses prepared to testify regarding the full scope of all topics identified in the deposition notice. *Id.* at 9; *see also,* Ex. 1. Defendant's response stated that it informed the Plaintiff "prior to the noticed deposition date … that it would provide, subject to any objections, dates for depositions in January without objection from Rembrandt." *Id.* at 11. Defendant argued this issue was moot because it would identify witnesses and propose dates for deposition, and that it will serve objections, responses, and identify the designated topics for each witness. *Id.*

The parties filed a Joint Supplemental Statement ("Supplemental Statement") further addressing the issue of designation of witnesses in response to the 30(b)(6) notice on January 29, 2018. ECF No. 185. Plaintiff argues that the written objections and designations provided by Defendant are insufficient because Defendant failed to identify witnesses to address 25 out of the 44 noticed topics. ECF No. 185. Plaintiff argues that the topics are "relevant and related directly to the issues remaining in the case." *Id.* at 4. Defendant counters that the topics for which it did not designate witnesses do not fall within the ambit of Rule 26. *Id.* at 5. Specifically, Defendant argues that several topics address agreements not at issue in the litigation; are contention interrogatories; seek privileged information; and are disproportionate to the needs of the case. *Id.* at 5-6.

In response to a Rule 30(b)(6) deposition notice, an "organization *must* then designate" who will testify on its behalf and "*may* set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6) (emphasis added). If a party fails to make a designation under 30(b)(6) then the party seeking discovery may move for an order compelling a designation. Fed. R. Civ. P. 37(a)(3)(B)(ii). However, the "proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014); *see also,* Fed R. Civ. P. 30(d)(3). A

4

corporate deponent cannot simply make "objections and then provide a witness that will testify only within the scope of its objections." *Id.* "Unlike the procedure with respect to interrogatories, requests for production of documents and requests for admissions, there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued." *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 165-66 (D. Mass. 2007).

Here, as the Rule does not require objections, the Defendant has not waived its objections to the topics identified by its failure to serve written objections prior to December 19, 2017. *See* Fed. R. Civ. P. 30(c)(2).[2] This is not to say that written objections serve no purpose. Written objections to the time, date, place, or topics identified in a 30(b)(6) deposition notice are useful to identify the points of disagreement and facilitate the meet and confer required in advance of any motion brought under Rules 26-37, including a motion to compel or motion for protective order. CivLR 26.1(a) ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues.").

Defendant has now designated specific persons to testify on various topics and provided objections to the remaining topics indicating it would not produce any witness to testify on the remaining topics. ECF No. 185 at 1. The Supplemental Statement moves to compel designation and deposition on behalf of the Plaintiff for the 25 remaining topics. Under these circumstances and to conserve judicial resources and expedite resolution of this discovery dispute, the Court will construe Defendant's arguments in the Supplemental Statement as a motion for a protective order.

---

[2] Additionally, Plaintiff does not assert that counsel appeared at the December 19, 2017 deposition to take a notice of non-appearance, supporting the conclusion that some communication between the parties occurred prior to the deposition regarding re-scheduling and supporting the conclusion that there was no waiver by failure to object by that date.

5

For ease of reference, the remaining disputed topics will be addressed in groupings largely consistent with the challenges raised by Defendant: relevance (9, 18, 25, 27-30, 32-33); contentions (6, 12, 14, 16, 19-22, 25, 28-30, 33, 42); privilege (38-39); proportionality (41, 43, 44); and included within other topics (15 and 17).

### 1. *Relevance: Topics 9, 18, 25, 27-30, 32-33*[3]

Defendant argues that topics 9 and 18 are "not relevant to any claims or defenses in this case." ECF No. 185 at 5. As to topic 9, Defendant explains that it is unlimited in scope as to time, entity, or agreement and topic 18 addresses a specific section of the Patent License Agreement that is not alleged to have been breached. *Id.* For the remaining topics, Defendant argues they address the 2004 Customer Transfer Agreement and the 2004 Supply Agreement and thus fail to fall within the parameters of Rule 26 because this litigation addresses the alleged breach of the 2004 Patent License Agreement.

The Court finds topic 9 is overbroad in that preparing a witness to testify as to the "systems and standard procedures" for Innovocon and its affiliates without limitation is an unwieldy task that the Court will not require. However, limited questions directed to a proper witness to elicit background information specific to this litigation and the Patent License Agreement are appropriate and relevant. Accordingly, the Court **GRANTS** Plaintiff's motion to compel designation and deposition and **GRANTS** Defendant a

---

[3] Topic 9: Your and Your Affiliates' systems and standard procedures for calculating and paying patent royalties and patent license fees.
Topic 18: Your efforts to comply with Section 6.2 of the 2004 Patent License Agreement.
Topic 25: Your performance under the 2004 Supply Agreement.
Topic 27: Any correspondence between You and any of Your Affiliates regarding the 2004 Supply Agreement.
Topic 28: The factual basis for Your contention that the 2004 Supply Agreement was terminated or voided.
Topic 29: The factual basis for Your contention that the 2004 Supply Agreement is still in force.
Topic 30: The factual basis for Your contention that Your obligation to perform any term of the 2004 Supply Agreement is excused or waived.
Topic 32: The negotiation and execution of the 2004 Customer Transfer Agreement.
Topic 33: Your performance under the 2004 Customer Transfer Agreement.

6

protective order limiting the scope of the topic to the 2004 Patent License Agreement and time period it was alleged to be in effect.

Topic 18 is proper. While not specifically identified as a provision Defendant allegedly breached, the second cause of action alleges breach of the covenant of good faith and fair dealing. ECF No. 90. Thus, efforts to comply with Section 6.2 are relevant to the litigation and within the bounds of the broad discovery permitted by Rule 26. Plaintiff's motion to compel designation and deposition on this topic is **GRANTED**.

The Court agrees that topics directed to the 2004 Customer Transfer Agreement and the 2004 Supply Agreement are not relevant to the only claim remaining in this case, which is the breach of the Patent License Agreement. *See* ECF No. 90. Plaintiff's motion to compel designation and deposition is **DENIED** as to Topics 25, 27-30, 32 and 33.[4]

### *2. Contentions: Topics 6, 12, 14, 16, 19-22, and 42*[5]

Defendant argues that topics 6, 12, 14, 16, 19-22, and 42 are contention interrogatories improperly directed to a corporate witness and calling for legal conclusions. ECF No. 185 at 5-6. Defendant contends that Rembrant has already served

---

[4] The motion to compel as to Topics 25, 27-30, 32 and 33 are denied on this ground and thus will not be addressed a second time in the "Contentions" section.

[5] Topic 6: The factual basis for Your contention that the Accused Test Cups do not infringe any Licensed Patent claim included in Rembrandt's July 10, 2017 Disclosure of Devices Alleged to be Subject to the License Agreement, as well as any supplements or amendments thereto.
Topic 12: Your performance under the 2004 Patent License Agreement.
Topic 14: Your efforts to comply with Section 2.3 of the 2004 Patent License Agreement.
Topic 16: Your and Your Affiliates considerations and decisions whether any Test Cups fall within the definition of "Product" in the 2004 Patent License Agreement.
Topic 19: The factual basis for Your contention that the 2004 Patent License Agreement was terminated or voided.
Topic 20: The factual basis for Your contention that the 2004 Patent License Agreement is still in force.
Topic 21: The factual basis for Your contention that Rembrandt or Assurance breached the 2004 Patent License Agreement, including when and how You became aware of such breach.
Topic 22: The factual basis for Your contention that Your obligation to perform any term of the 2004 Patent License Agreement is excused or waived.
Topic 42: The factual basis for Your contention that You were damaged by any alleged breach of the 2004 Patent License Agreement, including the factual basis for any computation of such damages.

7

interrogatories covering several of the requests in prior discovery and that a deposition on these subjects places a witness in the position of memorizing legal arguments. *Id.* at 6. Defendant does not put previously propounded interrogatories before the Court to permit a comparison, but the Court agrees that written interrogatories are the appropriate vehicle to obtain responses to the identified topics. *See ViaSat, Inc. v. Space Sys./Loral, Inc.*, 12-CV-0260-H WVG, 2013 WL 3467413, at *5 (S.D. Cal. July 10, 2013) ("…appropriately framed and timed contention interrogatories, rather than depositions of a corporation's designated employees, was the appropriate method for establishing the alleged infringer's contentions and defense positions.") (citing *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 286 (N.D. Cal. 1991)).

Rather than permit a deposition, the Court will exercise its discretion to **GRANT LEAVE** to Plaintiff to serve an additional **four (4)** contention interrogatories on topics 19, 20, 21, and 22 as these topics appear targeted to determining "the alleged infringer's contentions and defense positions." *Id.*

The Court declines to permit topics 6 and 42 to be converted to contention interrogatories because topic 6 seeks exclusively a legal conclusion and topic 42 is directed towards damages, which the Court is aware from prior disputes has been the topic of previous discovery and is likely the subject of expert testimony.

The remaining topics do not appear to be best served by written response. Topic 12 addresses performance of the contract. Defendant's performance is relevant to the case and questioning of a corporate representative is proper. Topic 14 appears subsumed by topic 12 and thus, deposition is also proper on this topic. Finally, distinctions made by the company between test cups that rendered the classification of a test cup as either a "product," or not, under the contract is relevant, and deposition questioning and follow up regarding what, if any, distinctions were considered is appropriate. Plaintiff's motion to compel designation and deposition on topics 12, 14, and 16 is **GRANTED**.

///

///

### *3. Privilege: Topics 38, and 39*[6]

Defendant argues it has no non-privileged information on topics 38 and 39. The Court agrees that topics 38 and 39 largely call for privileged information, so objections on the ground of privilege are valid. The Court **DENIES** Plaintiff's motion to compel designation or deposition on these topics.

### *4. Proportionality: Topics 41, 43, and 44*[7]

Defendant asserts topics 41, 43, and 44 are disproportionate to the needs of the case, requiring polling of every employee, production of 13 years of document retention policies by multiple entities, and a single witness to testify regarding the entirety of document collection related to this case.

The Court agrees topic 41 is disproportionate to the needs of the case as directed towards a corporate representative bound to speak for the company. Plaintiff's motion to compel designation and deposition as to this topic is **DENIED**.

As to the remaining topics regarding document retention and collection for litigation, normally questioning of this sort as general background to ensure the appropriate universe of documents has been examined is acceptable. However, the inclusion of "and Your Affliates'" is problematic to the scope and proportionality of the topic, and preparing a witness to provide binding testimony applicable to each affiliate is unduly burdensome. The Plaintiff's motion to compel *designation* on topic 43 and 44 is

---

[6] Topic 38: Any investigations or analyses performed by, or on behalf of, You or Your Affiliates regarding the validity of the '019 patent, including investigations and analyses involving Cindy Horton, Lorainne Cogan, Anne Warner, John Bridgen, Jill Thompson, or Sanjay Malkani.
Topic 39: Any investigations or analyses performed by, or on behalf of, You or Your Affiliates regarding the infringement of the '019 patent, including investigations and analyses involving Cindy Horton, Lorainne Cogan, Anne Warner, John Bridgen, Jill Thompson, or Sanjay Malkani.
[7] Topic 41: Your awareness or knowledge of any third-party Test Cups, including when You became aware or gained such knowledge, and how You became aware or gained such knowledge.
Topic 43: Your and Your Affiliates' document retention policies from 2004 to the present.
Topic 44: Your and Your Affiliates' efforts to identify and collect documents and things requested by Rembrandt in this Litigation, including the actions You and Your Affiliates took to locate electronically stored information.

9

**DENIED**, but the Court will not preclude Plaintiff from general background inquiry during deposition of corporate representatives regarding the **individual deponent**'s knowledge of Innovocon's document retention policies and Innovocon's efforts to identify and collect documents related to this litigation.

### 5. Included within Other Topics: Topics 15 and 17[8]

Plaintiff avers that Defendant failed to designate a witness to speak to topics 15 and 17. Defendant counters that topics 15 and 17 are encompassed within topics 4 and 5[9] on which Ms. Cindy Horton testified without complaint regarding preparedness.

The Court agrees that topics 15 and 17 are encompassed within the scope of topics 4 and 5. Plaintiff's motion to compel designation and deposition on these topics is **DENIED AS MOOT**.

### B. Apex Deposition of Mr. Sanjay Malkani

Encompassed within Plaintiff's motion to compel 30(b)(6) depositions is the specific request for the deposition of Mr. Sanjay Malkani, the former Global President of Toxicology for Alere, Inc. As a threshold matter, Plaintiff has not provided a deposition notice for Mr. Malkani individually and sets forth no authority permitting a plaintiff to specifically request a particular individual to appear as a 30(b)(6) witness for an opposing party. However, the Joint Motion makes clear that the parties dispute the ability of Plaintiff to proceed with a deposition of Mr. Malkani, either in response to the 30(b)(6) deposition notice or in anticipation of an individual notice, and Defendant moves for a

---

[8] Topic 15: Your and Your Affiliates considerations and decisions not to pay any royalties under Section 3.2 of the 2004 Patent License Agreement.
Topic 17: Your and Your Affiliates considerations and decisions not to pay any minimum royalties under Section 3.3 of the 2004 Patent License Agreement.
[9] Topic 4: Any decision by You or Your Affiliates to not pay royalties under the 2004 Patent License Agreement for any of the Accused Test Cups, including who was involved, when such decision was made, the basis for such decision, and the identification of any documents reflecting the decision or the consideration thereof.
Topic 5: Any decision by You or Your Affiliates to not pay any minimum royalty under the 2004 Patent License Agreement, including who was involved, when such decision was made, the basis for such decision, and the identification of any documents reflecting the decision or the consideration thereof.

protective order to "prevent Rembrandt from further seeking" his deposition. ECF No. 172 at 11.

For good cause, a court may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[,]" including prohibiting or limiting a deposition. Fed. R. Civ. P. 26(c)(1)(A). When seeking to prohibit the deposition of a company representative, other considerations apply:

> When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), courts have "observed that such discovery creates a tremendous potential for abuse or harassment." Courts have discretion to limit discovery where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 262-263 (N.D. Cal. 2012) (citations omitted). When deciding whether an "apex deposition" should go forward, courts look at "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* at 263 (citations omitted). The party opposing the deposition carries a heavy burden, so "it is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Id.* Further, "'[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition.' 'A claimed lack of knowledge, by itself it is insufficient to preclude a deposition.'" *Id.* However, courts also generally do not permit depositions of high ranking officials to occur before the depositions of lower ranking employees with more direct knowledge of the case have been taken. *K.C.R. v. County of Los Angeles*, No. CV 13-3806 PSG (SSx), 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014).

Here, the Court finds that Mr. Malkani is sufficiently high ranking to merit the application and protection of the apex doctrine. Alere, Inc. is a publicly traded company and Mr. Malkani was one of only three Global Presidents for Alere, Inc. ECF No. 172-2,

¶¶ 2-4.  Additionally, the protections of the apex doctrine continue to apply to Mr. Malkani despite his recent change in employment.  *Conforto v. Mabus*, 12CV1316-W (BLM), 2014 WL 12560881, at *7 (S.D. Cal. Sept. 24, 2014)  ("Executives and high-ranking officials continue to be protected by the apex doctrine even after leaving office.") (citing  *K.C.R. v. County of Los Angeles*, 2014 WL 3434257, at *3; *Robertson v. McNeil-PPC Inc.*, 2014 WL 1257817 (C.D. Cal. Jan. 13. 2014) ("Courts have found that former executives . . . are covered by the apex doctrine."); *Moyle v. Liberty Mut. Retirement Ben. Plan*, 2012 WL 5373421 (S.D. Cal. Oct. 30, 2012) ("Former executives, however, are within the scope of the apex doctrine.").

In order to proceed with Mr. Malkani's deposition, Plaintiff must show that it has exhausted other discovery methods and that Mr. Malkani has "unique first-hand, non-repetitive knowledge" of the facts at issue in this case.  Plaintiff has not satisfied this burden.  Under these circumstances, the Court will **GRANT** Defendant's request and issue a protective order precluding the deposition of Mr. Malkani until after Ms. Horton and Ms. Cogan are deposed.  Following the depositions of these lower level employees, the parties are directed to meet and confer regarding what, if any, unique, first-hand, non-repetitive knowledge Mr. Malkani may have of the facts in issue here.  If the parties are unable to reach agreement following that meet and confer about the need for Mr. Malkani's deposition, they may submit a Joint Motion on that issue only, totaling no more than 6 pages (exclusive of the caption page and allotting 3 pages per party).  The Court will take the joint motion under submission and issue a written decision.

### C. Requests for Production

Plaintiff also seeks to compel further responses and production to four specific requests for production of documents, Nos. 107, 108, 109, and 110.

#### 1. RFP No. 107

Request No. 107 seeks documents showing sales figures from the fourth quarter of 2016 and the first quarter of 2017 based on inventory, i.e., "sku" (stock keeping unit). Plaintiff argues that Defendant's responses, which included objections followed by a

statement indicating that Defendant was "willing to meet and confer," is improper. Plaintiff argues that the improper response has waived any objections and so a response and complete production is required.

Defendant submits it has agreed to supplement its prior production of annual sales information with quarterly sales information in addition to providing data on a sku-by-sku basis.

In light of the agreement to supplement this response, Plaintiff's motion to compel further response or production is **DENIED AS MOOT**.

### *2. RFP No. 108*

Request No. 108 asks for all "queries or filters used" to search for data that was responsive to Request No. 107. Plaintiff argues that Defendant produced a spreadsheet without any information regarding how the summary data was collected and that this information is the same as what would be provided in a "routine financial audit." ECF Nos. 174 at 15, 174-1 at 7. Defendant responds that the request is disproportionate, unduly burdensome, irrelevant, and seeks data protected by the attorney-client and/or work product privileges. ECF No. 174-1 at 9. Defendant also argues this request runs afoul of this Court's prior discovery order. ECF No. 174 at 20. Finally, Defendant represents it has offered a witness, Mr. Steve Leisenring, to testify as to the revenue sales data. *Id.*

As an initial matter, the Court's prior discovery order addressed distinguishable situations that are not analogous. When addressing document requests targeted to information provided to Abbott Labs, a company interested in acquiring Alere, Inc., this Court held that because Innovacon had produced "actual revenue and unit sales figures for the accused test cups" and "agreed to produce market share information" that "[n]othing further is required." ECF No. 136. Likewise, the Court declined to compel the production of contracts outside the relevant time period that Plaintiff argued were to "verify sales data." These situations are distinct from a request that seeks, in sum, to identify search terms. This Court and the parties are all aware that search terms are often

13

exchanged and agreed upon by parties prior to search and production to narrow and tailor the scope of inquiry. However, this request involves financial information and is phrased to request "a copy of all queries or filters used." This is slightly different from a request for search terms, and there is the potential to implicate attorney-client or work product privileges by the production of documents showing.

The Court will **DENY** the motion to compel production of documents reflecting all queries or filters used, but also hereby **ORDERS** that Mr. Leisenring must be prepared during his deposition to answer questions, without revealing privileged information, regarding how information was collected to ensure that all accused test cups were accounted for in the preparation of the documents produced in response to Request No. 107.

### 3. *RFP Nos. 109-110*

Request No. 109 asks for documents showing sales figures from the fourth quarter of 2016 and the first quarter of 2017 based on invoices. ECF No. 174-1 at 8-9. Defendant's response was identical to that of Request No. 107, stating objections and a response that Defendant was "willing to meet and confer." As with No. 107, Plaintiff argues that Defendant's response is improper, that objections were waived, and that this information would be provided in a routine audit. ECF Nos. 174 at 15; 174-1 at 11. Request No. 110 asks for the production of the "filters or queries used" to locate documents responsive to Request No. 109.

Defendant argues that complying with this request would be unduly burdensome, disproportionate, and duplicative ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 174 at 16-17.

As an initial matter, Defendant's response included objections. Those objections are not waived. That the response, beyond objections, indicated willingness to meet and confer rather than outright refusal to produce any documents—which would have in any

event required a meet and confer prior to a motion to compel—does not operate as a waiver. Plaintiff has provided no authority to the contrary.

Request No. 109 is disproportionate to the needs of the case, particularly in light of identical sales information being provided on a sku/inventory basis. Plaintiff's argument that this type of information would be provided in an audit lacks merit, this is discovery, not an audit. Plaintiff has not presented any reason for the Court to believe that information provided on a sku basis is insufficient or inaccurate. Forcing Defendant to collect invoices ███████████████████ to respond to Request No. 109 is unduly burdensome, duplicative, and disproportionate to the needs of the case, and Request No. 110 is dependent on Request No. 109. Plaintiff's motion to compel further responses or production in response to Requests 109 and 110 is **DENIED**.

### D. Interrogatories 20-21

Plaintiff argues that on October 31, 2017, Defendant agreed to supplement responses, but has failed to do so. Defendant responds that it has agreed to provide the supplemental responses by January 16, 2018, rendering the issue moot.

This Court's Chambers Rules are clear that the parties have 45 days from the date a discovery dispute it triggered to bring a Joint Motion. For written discovery, a dispute is triggered on the date of service of the initial response. Judge Stormes Civil Case Procedures, § VI.C.2.(b). This dispute appears to have been triggered in advance of the parties' reaching agreement on October 31, 2017, and the Chambers Rules make clear that "ongoing meet and confer efforts … or supplemental responses do not extend the deadline." *Id.*, § VI.C.2.(d). The Court **DENIES** Plaintiff's motion to compel further responses to Interrogatories 20 and 21 as untimely.

## IV.　CONCLUSION

Consistent with the terms of this Order, the Court:

1. **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel designation and depositions on specific topics in the 30(b)(6) notice as set forth

above, and **GRANTS LEAVE** to Plaintiff to serve four (4) contention interrogatories along the following expedited discovery schedule:

   a. Plaintiff must serve the 4 contention interrogories consistent with the topics 19, 20, 21 and 22 by **February 6, 2018;**
   b. Defendant must respond by **February 20. 2018;**
   c. Any meet and confer regarding the responses must be complete by **February 27, 2018;**
   d. Any Joint Motion for Determination of Discovery Dispute related thereto must be filed by **March 6, 2018**;

2. **GRANTS** a protective order precluding the deposition of Mr. Malkani at this time, any Joint Motion for for Determination of Discovery Dispute related to Mr. Malkani's deposition must be filed no later than **February 12, 2018**;

3. **DENIES** Plaintiff's motion to compel further production in response to requests for production, with special instruction to Defendant's offered deponent, Mr. Steven Leisenring, regarding the scope and preparation required for deposition; and

4. **DENIES** Plaintiff's motion to compel responses to interrogatories 20 and 21 as untimely for failure to comply with the Chambers' Rules regarding Discovery Disputes.

**IT IS SO ORDERED.**

Dated: February 2, 2018

_Nita L. Stormes_
Hon. Nita L. Stormes
United States Magistrate Judge