UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT DIAGNOSTICS, LP,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INNOVACON, INC.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-0698 CAB (NLS)<br><br>**REDACTED**<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO SEAL [ECF No. 192]; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART JOINT MOTION ON DISCOVERY DISPUTE NO. 1 [ECF No. 199]**<br><br>**[ECF Nos. 192, 199]** |
| INNOVAVON, INC.<br>　　　　　　　　　　Counterclaimant,<br>v.<br><br>REMBRANDT DIAGNOSTICS, LP and ASSURANCE BIOTECH, LLC,<br><br>　　　　　　　　　　Counterdefendants. | |

1

Before the Court are a Joint Motion to Seal Portions of the Joint Motion for Determination of Discovery Dispute No. 1 ("Motion to Seal") and a Joint Motion for Determination of Discovery Dispute No. 1 ("Discovery Dispute") between defendant/counterclaimant Innovacon, Inc. ("Innovacon") and counterdefendant Assurance Biotech, LLC ("Assurance"). ECF Nos. 191 (sealed lodged Joint Motion), 192 (Motion to Seal), 199 (redacted Joint Motion).

## I. MOTION TO SEAL

In light of the parties filing the redacted version of the Discovery Dispute, and having reviewed the Motion to Seal and the Discovery Dispute documents at issue, the Court finds there is good cause to seal the portions of the Discovery Dispute as requested by the parties. The Joint Motion to Seal is **GRANTED**.[1]

## II. BACKGROUND

This litigation centers around the alleged failure to pay royalties owed pursuant to a contract, the 2004 Patent Licensing Agreement ("Patent License Agreement"). This is the third discovery dispute presented to the Court for adjudication, though the first between these counterclaimants. The parties and the Court are familiar with the facts of the case, which will not be recited.

Assurance moves to compel further responses to ten individual interrogatories and additional production in response to six requests for emails. ECF No. 199 at 1. The discovery at issue in this dispute is targeted to obtain further responses to interrogatories and production of emails relating to the negotiation of the 2004 Patent Licensing Agreement, as well as other agreements negotiated at that time. *Id.* at 7-8.

///
///

---

[1] The Court requests all parties to file the redacted version of documents either concurrently with motion to seal or, at the latest, on the next business day, for all future filings. *See* Judge Stormes Civil Case Procedures, § VIII.B ("The parties must file a redacted version of the document sought to be filed under seal.").

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation omitted). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* Both discovery and Rule 26 are intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.*

The Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." (internal quotation and citations omitted)). To the extent that the discovery sought is "unreasonably cumulative

3

3:16-cv-0698 CAB (NLS)

or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.* How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

## IV. DISCUSSION

### A. Interrogatories 5-10, 12

Several of the interrogatories, Nos. 5-10 and 12[2], address performance under the 2004 Supply Agreement ("Supply Agreement"). ECF No. 199 at 7. This Court

---

[2] Interrogatories 5-10 and 12 state:
  5. Describe in detail any and all steps and/or action that You took and/or that were taken on Your behalf, Identify any Person(s) who took any action on Your behalf, and Identify all Documents that Relate To the performance or enforcement of any obligation owed by either You, Tianjin or Syntron Pertaining To each respective entity's ███████████████████████████████████ ███████████████████.
  6. Describe in detail all steps and/or actions that You took and/or that were taken on Your behalf, Identify any Person(s) who took any action on Your behalf, and Identify all Documents that Relate To the ███████████████████████████████████ ███████████.
  7. Describe in detail all steps and/or actions that You took and/or that were taken on Your behalf, Identify any Person(s) who took any action on Your behalf, and Identify all Documents that Relate To the ███████████████████████████████████ ███████████████.
  8. Describe in detail all steps and/or actions that You took, Identify any Person(s) who took any action on Your behalf, and Identify all Documents that Relate To the performing and/or enforcing of any of Your rights and/or obligations under section 7.1 of the 2004 Supply Agreement.
  9. State all facts, Identify all Documents and Identify all Person(s) with information that is Related To any determination that You made Pertaining To any discretion that You had under section 7.2 of the 2004 Supply Agreement.
  10. State all facts, Identify all Documents and Identify all Person(s) with information Related to any discussion You had with anyone, or determination and/or decisions that You made Related to, █ ██████████████████████████████████████████████████████████ ███████████████████████████████████████.
  12. Identify any Person(s) who took any action on Your behalf Related to the performance or enforcement of any obligation owed by either You, Tianjin, or Syntron Pertaining To section 9 of the 2004 Supply Agreement and Identify all Documents that Relate To the performance or enforcement

4

previously held that the Supply Agreement is "not relevant to the only remaining claim in this case, which is the breach of the 2004 Patent License Agreement." ECF No. 194 at 7. However, the Court acknowledges this holding was contained in an order issued on the same day that this Discovery Dispute was filed, and so will consider the arguments Assurance raises.

Assurance first argues the Supply Agreement is relevant because both it and the Patent License Agreement "were written and executed in conjunction with one another as part of an overall agreement." ECF No. 199 at 7. This argument is inconsistent with the document; review of the Patent License Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* ECF No. 94 at ¶ 10.2. The Patent License Agreement must stand alone.

In further review of the Patent License Agreement, the Court finds it ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ECF No. 94 at 9. Even presuming that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, discovery directed to performance of the Supply Agreement remains irrelevant. Based on this provision, what is relevant is not the performance ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ which, Innovacon does not appear to dispute. ECF No. 199 at 11▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ (emphasis in original).

---

of any obligation owed by either You, Tianjin, or Syntron Pertaining To section 9 of the 2004 Supply Agreement.
ECF No. 199-1 at 23, 26, 28, 30, 33, 35, 37.

5

Assurance also points to a specific provision of the Supply Agreement, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 199 at 2. Assurance argues that breach of the Supply Agreement is therefore relevant to its defense ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* at 7. However, as discussed, it does not appear that Innovacon disputes ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* at 11.[4] Without an actionable contract, and because the reference within the Patent License Agreement does not in any way incorporate or depend upon performance, evidence of performance or breach of the Supply Agreement is irrelevant to the remaining claims and defenses at issue.

The Court finds that ▓▓▓▓▓▓▓▓▓▓ the Supply Agreement is relevant to the remaining claims related to the Patent License Agreement, but the performance of the Supply Agreement is not. Reviewing the disputed interrogatories with this as the guiding principle, each of the interrogatories is directed towards the performance of specific sections of the Supply Agreement. Assurance's motion to compel further responses to Interrogatories 5-10 and 12 is **DENIED**.

///

///

---

[3] The Supply Agreement was not provided to the Court for review.

[4] Innovacon states: "Since these interrogatories were served, however, Innovacon has stated in its discovery responses that, on information and belief, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and no party asserts any claim of breach of any provision of the 2004 Supply Agreement. *See supra* § I.A ("In June 2005, Ms. Warner informed Mr. Berlie that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Accordingly, these interrogatories are not relevant to any disputed issue in the case." ECF No. 191 at 11: 19-25.

### B. Interrogatory 14

Interrogatory 14[5] requests information relating to Innovacon's efforts to comply with the provision of the Patent License Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 199 at 8. Assurance argues this information is directly relevant to its defense of Innovacon's counterclaim that Assurance breached this very provision. *Id.* Innovacon argues that the request is not relevant because it is Innovacon and not Assurance that alleges this provision was breached. *Id.* at 14.

Innovacon's argument lacks merit. The Court agrees with Assurance that Interrogatory 14 is directly relevant to its defense of the counterclaim allegations. Assurance's motion to compel a response is **GRANTED**. Innovacon must provide a supplemental response by **March 7, 2018**.

### C. Interrogatories 16-17

Interrogatories 16 and 17[6] are directed towards performance of the 2004 Customer Transfer Agreement. As with the Supply Agreement, this Court previously held that the Customer Transfer Agreement is irrelevant to this action. ECF No. 194 at 7.

---

[5] Interrogatory 14 states: Describe in detail the steps and/or actions taken by You or on Your behalf to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and Identify each and every ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of which You were aware, the date of Your first awareness, the third party, the product infringing or threatening infringement, the step and/or actions taken by You or on Your behalf to notify Assurance, and the Person(s) knowledgeable regarding either the Third Party infringement or threatened infringement or Your steps/and or actions to comply ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 199-1 at 40.

[6] Interrogatories 16 and 17 state:

16. Describe in detail the steps and/or actions taken by You or on Your behalf Related To performance of any obligations You had under the 2004 Customer Transfer Agreement, including Identifying every circumstance in which You contacted or attempted to contact any customer transferred under the agreement, Identifying each customer You contacted or attempted to contact, any Person(s) knowledgeable Related To any steps and/or actions taken Related To the 2004 Customer Transfer Agreement and Identifying any Documents Related To any steps and/or actions taken by You or on Your behalf.

Assurance argues, again, that the three agreements work in tandem. ECF No. 199 at 9. Assurance explains that the Customer Transfer Agreement incorporates the Patent License Agreement into its terms and thus performance of all the contracts is relevant to its affirmative defense of unclean hands, an argument not previously raised. *Id.*

Unclean hands is an equitable defense precluding relief to a claimant "'who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted.'" *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1091–92 (C.D. Cal. 2016) (quoting *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 173 (9th Cir.1989)). To prevail on a defense of unclean hands, a defendant must demonstrate by clear and convincing evidence (1) that the plaintiff's conduct is inequitable; and (2) that the conduct relates to the subject matter of the plaintiff's claims. *Id.* at 1092 (internal citations omitted).

To meet the second requirement, a defendant must show that the plaintiff's "misdeeds ... have an immediate and necessary relation to the equity that [the plaintiff] seeks in respect of the matter in litigation." *S. Cal. Darts Ass'n v. Zaffina,* 762 F.3d 921, 932 (9th Cir. 2014) (trademark case); *see also Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.,* 621 F.3d 981, 986 (9th Cir. 2010) (trademark case, requiring that "the alleged misconduct ... relate directly to the transaction concerning which the complaint is made"); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 951 (S.D. Cal. 1996) (unfair competition/patent/conversion case holding "[f]or the doctrine of unclean hands to apply, [defendant] would have to prove misconduct by the

---

17. To the extent that You contend that You were not obligated or were otherwise excused ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ please describe in detail the circumstances under which You were not obligated or were otherwise excused ▓▓▓▓ ▓▓▓▓ and Identify all Documents and Identify all Person(s) with information that supports that contention.
ECF No. 199-1 at 42, 44.

[plaintiff] during one of the transactions forming the basis for the [plaintiff's] complaint").

Under this standard, the subject matter of Innovacon's claims are limited to the 2004 Patent License Agreement, the only agreement that forms the basis of Innovacon's Counterclaims.[7] *See* ECF Nos. 110, 114 (Counterclaims against Assurance alleging (1) breach of the Patent License Agreement, (2) breach of the covenant of good faith and fair dealing in relation to the 2004 Patent License Agreement, declaratory judgment of no breach of the 2004 Patent License Agreement based on (3) invalidity or (4) non-infringement of the patents, or (5) Assurance and/or Rembrandt's prior breach of the 2004 Patent License Agreement).

Each claim relates to the Patent License Agreement alone. Assurance's argument that the Customer Transfer Agreement incorporates the Patent License or Supply Agreements does not mean the converse is true. ECF No. 199 at 9; *see also,* ECF Nos. 94 at ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. There are no allegations relating to the breach of the Customer Transfer Agreement nor does the Court find any reference to the Customer Transfer Agreement within the Patent License Agreement. *See* ECF Nos. 90 [Second Amended Complaint], 94 [Patent License Agreement, sealed], 110 [Answer and Counterclaims, redacted], 114 [Answer and Counterclaims, sealed]. While the Customer Transfer Agreement may have been executed at the same time and intended to work in tandem with the Patent License Agreement, it is not at issue in this suit and discovery related thereto, particularly discovery requesting detailed information for "every circumstance" and "identification" of each customer Innovacon "contacted or attempted to contact" is irrelevant to the breach of a separate, stand-alone contract. Assurance's motion to compel further response to Interrogatories 16 and 17 is **DENIED**.

---

[7] The Patent License Agreement is also the only agreement at issue in operative Second Amended Complaint. *See* ECF No. 90.

## D. Requests for Emails 1-6

Assurance also moves to compel further search and supplemental production in response to its Requests for Emails, Nos. 1-6. Assurance argues that Innovacon should be compelled to respond to the full scope of the email requests directed to six custodians and identifying six search terms.[8] Innovacon responds that as a result of the meet and confer sessions of the parties prior to the filing of this dispute, Assurance agreed to a compromise position offered by Innovacon during a meet and confer, and sought written confirmation of the agreement in the following days to which Assurance did not respond, object, or seek clarification. ECF No. 199 at 19; ECF No. 200 (Decl. Tsou) at ¶¶ 4, 6. Consistent with the compromise agreement, Innovacon searched for and produced documents containing the phrase "Dr. Lee" and "Rodrigo" (the first name of one of the primary negotiators of the agreements at issue), and "Assurance w/10 Biotech." ECF No. 199 at 19.

Notably, counsel for Assurance does not counter, contradict, state a misunderstanding or miscommunication occurred, or otherwise address its agreement, or lack thereof, to Innovacon's compromise. Assurance acknowledges that during the January 11, 2018 meet and confer, Innovacon "agreed to expand the search terms for the six custodians … but not to use the full search terms," which is consistent with Innovacon's account. ECF No. 199-2 (Decl. Chitsaz) at ¶ 10.

The Chambers' Rules require the parties to meet and confer prior to submitting a Discovery Dispute. Judge Stormes' Civil Case Procedures, § VI.A. The Court takes this requirement seriously and expects the parties to meaningfully engage in the process and attempt to resolve disputes. In the face of an uncontradicted declaration from counsel that agreement was reached and that Innovacon proceeded according to that agreement in

---

[8] Email requests 1-6 are directed towards six individuals (Cindy Horton, Anne Warner, John Brigden, Jill Thompson, Jeff Konecke, and Ron Zwanziger) using six identical search terms ("syntron, assurance, Tianjin, 'applied biotech' w/50 supply agreement and w/100 license agreement, Rodrigo, and lee") and for identical time frames (4/15/2003-present). ECF No. 199-1 at 1, 5, 9, 13, 16, and 20.

its subsequent production, the Court finds no reason to compel further production. To hold otherwise would provide no incentive for the parties to offer or comply with compromise positions reached during meet and confer discussions. It is important to the Court that the parties meaningfully engage in the meet and confer process and to further that goal it is appropriate that the Court hold the parties to the agreements reached during that process. Assurance's motion to compel further response or production of emails is **DENIED**.

## V. CONCLUSION

Consistent with the terms of this Order set forth above, the Court

1. **GRANTS** the Joint Motion to Seal Documents;
2. **DENIES** Assurance's Motion to Compel further responses to Interrogatories 5-10, 12, 16 and 17;
3. **GRANTS** Assurance's Motion to Compel further response to Interrogatory 14; and
4. **DENIES** Assurance's Motion to Compel further response or production to Requests for Emails Nos. 1-6.

**IT IS SO ORDERED**.

Dated: February 21, 2018

Hon. Nita L. Stormes
United States Magistrate Judge