UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT DIAGNOSTICS, LP,<br><br>Plaintiff,<br><br>v.<br><br>ALERE, INC.; ALERE TOXICOLOGY SERVICES, INC.; INNOVACON, INC.; and INSTANT TECHNOLOGIES, INC.,<br><br>Defendants. | Case No.: 16-CV-698-CAB-NLS<br><br>**ORDER GRANTING IN PART MOTION TO RETAX COSTS**<br><br>**[Doc. No. 360]** |

Before the Court is Plaintiff's motion to retax costs. [Doc. No. 360.] Plaintiff timely filed the instant motion pursuant to Civil LR 54.1(h)(1). Defendants opposed the motion [Doc. No. 362], and Plaintiff filed a reply. [Doc. No. 363.] The motion has been fully briefed and the Court finds it suitable for determination on the papers and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Plaintiff's motion to retax costs is granted in part.

**I.   BACKGROUND**

Plaintiff Rembrandt Diagnostics, LP brought this patent infringement action against Defendants Alere, Inc. and its affiliates. At trial, Plaintiff argued that Defendants' iCup

product infringed claim 10 of U.S. Patent No. 6,548,019. Trial began on November 26, 2018, and the jury returned a verdict in favor of Defendants on November 30, 2018. [Doc. No. 342.] On February 25, 2019, Defendants moved for costs in the amount of $225,107.00. [Doc. No. 351.] On March 8, 2019, Plaintiff objected to Defendants' bill of costs. [Doc. No. 354.] After a hearing held on March 14, 2019, the Clerk of Court taxed costs in the amount of $179,595.76 against Plaintiff on April 30, 2019. [Doc. No. 359.] In Plaintiff's motion to retax costs, it specifically opposes the costs taxed for visual aids in the amount of $114,072.00, but does not oppose the other costs taxed in Defendants' favor. [Doc. No. 360-1 at 2.] Therefore, all other costs taxed will remain the same.

## II. LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* S.D. Cal. CivLR 54.1(a) ("Unless otherwise ordered by the court, or stipulated by the parties, the prevailing party is entitled to costs."). This rule creates a presumption in favor of awarding costs to the prevailing party. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). District courts have the discretion to overcome this presumption, but may only do so in cases that are "extraordinary" and it would be "inappropriate or inequitable to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000). 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) ("Ordinarily, section 1920 'defines the full extent of a federal court's power to shift litigation costs absent express statutory authority.'" (quoting *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991))). Statutory authority to tax costs related to graphics arises under 28 U.S.C. § 1920(4), which permits the Court to award "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

The Ninth Circuit construes "exemplification" narrowly: "fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their preparation." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (overruled in part on other grounds by *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990)); *see also Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988) ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids."). "The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is taxable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial. An explanation of how the above related to a material issue in the case will be provided." S.D. Cal. CivLR 54.1.b.7.a.

## III. DISCUSSION

Defendants' counsel declared that the visual aids consisted of 110 slides used in Defendants' opening statement, 108 slides used during Defendants' closing argument, and 149 slides used with live witnesses at trial. [Doc. No. 357 at ¶ 24.] Plaintiff contends the Court should retax costs to exclude the $114,072.00 for visual aids in its entirety because Defendants fail to sufficiently explain why such visual aids were reasonably necessary, how they related to a material issue in the case, and because Defendants failed to establish that the alleged hundreds of hours spent were only for physical preparation of the visual aids and not for intellectual effort. [Doc. No. 360-1 at 6.]

*1. Reasonably Necessary*

In Defendants' bill of costs, Defendants stated they employed two in-house graphic artists to prepare visual aids to assist the jury and the Court in understanding the technology at issue, the opinions of Defendants' technical experts, and the facts at issue in the trial. [Doc. No. 351-2 at 4–5.] Defendants' counsel declared that the 367 slides utilized at trial included graphics or animations visually illustrating Defendants' non-infringement and invalidity arguments. [Doc. No. 357 at ¶ 25.] Defendants contend the visual aids were

necessary to assist the jury in understanding the scientific principles of their non-infringement and invalidity arguments. [Doc. No. 362 at 11.] Moreover, Defendants were not merely editing and reformatting readily available material, but created new and effective visual aids to convey its arguments to the jury. [*Id.* at 12.] Even if the alleged invention was simple as Plaintiff suggests, Defendants point out that the non-infringement and invalidity arguments were not. Accordingly, the Court finds that Defendants sufficiently established that the visual aids were reasonably necessary to assist the jury in understanding their technical arguments.

### 2. *Material Issue*

Likewise, Defendants contend the visual aids related to a material issue because the central issues at trial were whether Defendants' product infringed the patent and whether the claim was invalid. [*Id.* at 9.] As noted above, the visual aids related to Defendants' non-infringement and invalidity arguments. Here, "[t]he slides speak for themselves as to their relevance to the material issues at trial." *Lucent Techs., Inc. v. Gateway, Inc.*, 2008 WL 11338355 at *3 (S.D. Cal. 2008). Accordingly, the Court finds that Defendants sufficiently established how the visual aids related to a material issue in the case.

### 3. *Physical Preparation*

Lastly, Plaintiff contends that Defendants failed to establish that the hours spent were solely for physical preparation and not for intellectual effort. [Doc. No. 360-1 at 6.] Defendants' counsel declared in their supplemental declaration in support of the bill of costs that they understand from the in-house graphic artists that 80% to 95% of the time the graphic artists billed was spent on physical preparation and the remaining time was spent meeting with Defendants' counsel. [Doc. No. 357 at ¶ 26.] Defendants also attached to their opposition to this motion declarations from both graphic artists confirming as such. [Doc. No. 362-5 at ¶ 13; Doc. No. 362-6 at ¶ 14.] Defendants are only permitted to costs "for the physical preparation and duplication of documents, not the intellectual effort involved in their preparation." *Romero*, 883 F.2d at 1428.

Defendants contention that they did not seek costs associated with the attorneys' intellectual efforts is contradicted by their own and their graphic artists' declarations. The graphic artists state that 80% to 95% relates to time spent creating the visual aids and "[t]he remaining time relates to time spent meeting with the attorneys . . .." [Doc. No. 362-5 at ¶ 13; Doc. No. 362-6 at ¶ 14.] To the extent Defendants attempt to argue that the time meeting with the attorneys did not involve any intellectual effort on the part of the attorneys, the Court is not persuaded by such argument. Furthermore, 80% to 95% is a significant margin and Defendants should have determined the specific amount of time spent by the graphic artists that involved physically preparing the visual aids. Accordingly, the Court will retax the already substantial amount awarded for visual aids to 80% of the previous amount of $114,072.00. Therefore, Plaintiff's motion to retax costs is **GRANTED in part** and Plaintiff is taxed costs of $91,257.60 for the visual aids.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Plaintiff's motion to retax costs. Plaintiff is taxed costs of $91,257.60 for the visual aids in favor of Defendants instead of the previous amount of $114,072.00. The remaining costs taxed by the Clerk of Court remain the same.

**IT IS SO ORDERED.**

Dated: June 5, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge