UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT DIAGNOSTICS, LP,<br><br>                              Plaintiff,<br><br>v.<br><br>ALERE, INC., et al,<br><br>                              Defendants. | Case No.: 16-cv-0698-CAB-SBC<br><br>**ORDER GRANTING MOTION TO RETAX COSTS**<br><br>**[Doc. No. 431]** |

Before the Court is Defendants' motion to retax costs [Doc. No. 431]. For the reasons set forth, the motion is **GRANTED.**

This case for infringement of U.S. Patent No. 6,548,019 ("'019 patent") was tried in November 2018, and a jury returned a verdict in favor of Defendants. [Doc. No. 342]. In February 2019, after this Court denied Plaintiff's motion for a new trial, judgment was entered in Defendants' favor. [Doc. Nos. 348, 349]. Defendants timely filed a bill of costs as the prevailing party. [Doc. No. 351]. The Court awarded costs in the amount of $156,781.36. [Doc. No. 364].

The Plaintiff filed an appeal with the Federal Circuit. [Doc. No. 350.] The Federal Circuit reversed the verdict, and the case was remanded to the District Court for new proceedings on June 24, 2020. [Doc. No. 368].

While the remanded case was pending, the Defendant's filed a petition for *inter partes* review of the '019 patent. The Patent Office found the asserted claims of the '019 patent unpatentable. The Plaintiff appealed that determination to the Federal Circuit and the parties jointly requested a stay of this case during the pendency of the appeal, which the Court granted. [Doc. No. 411].

In August 2023, the Court lifted the stay after the Federal Circuit affirmed the Patent Office's decision. [Doc. No. 420]. After Plaintiff indicated that it would not appeal the Federal Circuit's decision, the Court dismissed this case with prejudice. [Doc. No. 424].

Defendants filed another bill of costs, including (1) the costs it did not recover from the original bill of costs, and (2) additional costs incurred after the case was remanded. [Doc. No. 425]. Due to a procedural rule requiring a bill of costs to be filed within fourteen days after an entry of judgment, the Clerk of Court denied the bill in its entirety. [Doc. No. 430]. The previous judgment entered in this case however had been vacated, and the time for Defendants to submit a bill of costs accrued with the dismissal with prejudice entered on September 26, 2023. Consequently, Defendants' October 10, 2023 bill of costs was timely filed.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* S.D. Cal. CivLR 54.1(a) ("Unless otherwise ordered by the court, or stipulated by the parties, the prevailing party is entitled to costs"). This rule creates a presumption in favor of awarding costs to the prevailing party. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). When a patent case is dismissed as a result of decisions made by the Patent Office and the Federal Circuit, "a defendant can [still] be deemed a prevailing party." *B.E. Tech. L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019).

Defendants argue they are the prevailing party and are entitled to both the costs they were awarded in 2019 and an additional $1,045.45 of costs incurred as a result of the

remand. Plaintiff argues Defendants are not the prevailing party because the case was "close and difficult," and the jury's verdict was reversed. [Doc. No. 432 at 2-3]. Plaintiff's argument is unpersuasive, as it is undisputed that Defendants prevailed during *inter partes* review challenging the validity of the '019 patent in the Patent Office and before the Federal Circuit resulting in a dismissal of this litigation in Defendant's favor. Due to the unique procedural posture of this case, the Clerk of Court erred in denying the bill of costs on procedural grounds. Defendants are undoubtedly the prevailing party, and they are entitled to both the costs they were awarded in 2019 and the additional costs incurred after remand. Accordingly, it is hereby **ORDERED** that Defendants' motion to retax costs is **GRANTED.**

Costs are **RETAXED** as follows:

| *Description* | *Amount(s) Requested* | *Amount(s) Taxed* |
|---|---|---|
| Fees for service of summons and subpoenas | $820.69 | $820.69 |
| Fees for printed or electronically recorded transcripts | $23,056.08 | $23,056.08 |
| Fees for witnesses | $4,979.15 | $4,979.15 |
| Fees for exemplification and copies | $37,713.29 | $37,713.29 |
| Other Costs Itemized | $91,257.60 | $91,257.60 |
| **TOTAL COSTS TAXED** in favor of Defendants | $157,826.81 | $157,826.81 |

It is **SO ORDERED**.

Dated: December 20, 2023

Hon. Cathy Ann Bencivengo
United States District Judge